UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD AQUINO, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUBARU OF AMERICA, INC., *et al.*<br><br>Defendants. | Case No.: 1:22-cv-00990; 1:18-cv-16118<br>JHR-AMD<br><br><br>**OPINION & ORDER** |

This matter is before the Court upon Subaru of America, Inc.'s and Subaru Corporation's ("Subaru") and Plaintiffs' (Subaru and Plaintiffs, together, the "parties") motion to seal (i) Exhibits 3-4, 8-11, 21-24, 26-27 filed under seal in support of Plaintiffs' Motion for Class Certification, filed on April 30, 2024 as ECF No. 178;[1] (ii) Certain redactions from Plaintiffs' Motion for Class Certification; and (iii) Exhibits 4, 6, 14, 22.C, 30-31, 35-36 filed under seal in support of Subaru's Opposition to Plaintiffs'

---

[1] The above-captioned cases, *Amato v. Subaru of America, Inc.* (1:18-cv-16118) and *Aquino v. Subaru of America, Inc.* (1:22-cv-00990) have been consolidated. This order addresses ECF No. 194 in *Amato* and ECF No. 85 in *Aquino*. Any reference to an ECF docket number refers to an entry on the docket in *Amato v. Subaru of America, Inc.* Through this Motion, the parties jointly seek to permanently seal the docket entries at ECF Nos. 178 and 185 in *Amato*, and ECF Nos. 75 and 79 in *Aquino*. Any reference to an ECF docket number refers to an entry on the docket in Amato unless otherwise specified.

1

Motion for Class Certification, filed on July 15, 2024 as ECF No. 185 ("Opposition"). The Motion is brought pursuant to L. Civ. R. 5.3 and with the consent of all parties.

I. **Background**

In connection with discovery in these matters, the parties entered into a Discovery Confidentiality Order ("DCO") so ordered and entered by the Honorable Karen M. Williams, U.S.M.J. on July 8, 2020 (ECF No. 40). The DCO provides that "1. Any party to this litigation . . . shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3" and "2. Any party to this litigation . . . shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party." ECF No. 40 at ¶¶ 1, 2.

The parties argue that the materials proposed for seal and the information derived therefrom are "Confidential" or for "Attorneys' Eyes Only" under the Discovery Confidentiality Order because the materials contain highly competitively sensitive

technical, marketing, sales and other business information, as well as other potentially confidential information received in confidence from Subaru's customers.

### A. Exhibits 3-4, 8-11, 21-24, 26-27 to Plaintiffs' Motion for Class Certification and related redactions

On April 30, 2024, Plaintiffs filed under temporary seal Exhibits 3 and 9 to the Motion for Class Certification.[2] Exhibits 3 and 9 consist of the transcripts from Subaru's Rule 30(b)(6) designees, John Gray and Ryutatsu Seki, respectively, both of which have been marked as confidential. These transcripts contain discussions of non-public, proprietary information, including details on design proposals, manufacturing specifications, and strategic decisions, as well as competitively sensitive marketing strategies. Specifically, Mr. Seki's transcript contains detailed discussions regarding non-public trade secrets related to design proposals and manufacturing specifications, including the specific materials employed in the production of Class Vehicles and the rationale behind Subaru's choice of these materials. Furthermore, Mr. Gray provides insights into Subaru's marketing strategy and the company's decision-making processes. Plaintiffs made certain redactions to its Motion for Class Certification relating to Exhibits 3 and 9. There is no prior order sealing Exhibits 3 and 9 in the pending action and Plaintiffs have consented to the sealing request.

Exhibits 10-11 and 23-24 are the reports of Plaintiffs' experts, D.C. Sharp and Glenn Bower, respectively. Exhibits 26-27 are the transcripts of Plaintiffs' expert Mr. Sharp. Mr. Sharp's reports, and corresponding transcript, consists of financial data and

---

[2] The Court notes that the Exhibits proposed for seal have not been filed on the docket. Rather, hard copies were sent to Chambers and the corresponding motion to seal was filed.

an analysis of proprietary sales information related to the Class Vehicles, which are based on documents marked confidential under the DCO. Mr. Bower's report reveals Subaru's design and manufacturing specifications, which are confidential trade secrets unavailable to the public. Plaintiffs made certain redactions to its Motion for Class Certification relating to Exhibits 10-11 and 23 and 24. There is no prior order sealing Exhibits 10-11 and 23-23 in the pending action and Plaintiffs have consented to the sealing request.

Exhibit 8 is an email chain amongst Subaru employees, dated January 8, 2016, whereby such employees discuss non-public proprietary information describing design proposals and manufacturing specification decisions, as well details regarding Subaru's data storage, collection, and evaluation procedures related to its warranty claims. Exhibit 8 includes proprietary information relating to Subaru's internal warranty reimbursement practices and the details related Subaru's internal procedures for addressing customer complaints. Additionally, it discloses Subaru's decision-making processes related to design specification changes, including Subaru's practices and insights. Finally, Exhibit 8 discloses proprietary information related to Subaru's data storage and categorization processes, including the methods by which it tracks and evaluates warranty claims. Plaintiffs made certain redactions to its Motion for Class Certification relating to Exhibits 8, which Plaintiffs argue should be permanently sealed for the reasons set forth above. There is no prior order sealing Exhibit 8 in the pending action and Plaintiffs have consented to the sealing request.

Exhibits 21-22 are compilations of the number of Subaru sales of certain Class Vehicles, organized by model year and by the relevant states. Such excel charts contain

competitively sensitive marketing, financial sales or other confidential business information as well as proprietary information. Exhibits 21 and 22 contain also sales and revenue information. The excel chart contained therein discloses proprietary information related to Subaru's data storage and categorization processes, including the methods by which it tracks and evaluates the sales of its vehicles. Plaintiffs made certain redactions to its Motion for Class Certification relating to Exhibits 21-22, which Plaintiffs argue should be permanently sealed for the reasons set forth above. There is no prior order sealing Exhibits 21-22 in the pending action and Plaintiffs have consented to the sealing request.

### B. Exhibits 4, 6, 14, 22.C, 30-31, 35-36 of Subaru's Opposition to Plaintiffs' Motion for Class Certification

Exhibits 4 and 14 are the 2019 WRX/WRX STI New Car Information Manuals which were prepared to provide information for the construction, operation and other technical details of SUBARU vehicles, which includes trade secrets, competitively sensitive technical or other confidential business information. *See* ECF No. 194-1 at *8. The Manual provides comprehensive details on the design specifications for the Class Vehicles, constituting non-public trade secrets, and outlines comparator design improvements and modifications made from previous models, including the rationale behind those decisions. There is no prior order sealing Exhibits 4 and 14 in the pending action and both parties have consented to the sealing request.

Exhibit 6 is a compilation of Subaru claims data described in a spreadsheet created for purposes of this litigation which compiles warranty claims data related to the alleged defect and containing trade secrets, competitively sensitive technical, marketing,

5

financial, sales or other confidential business information, as well as proprietary information. Exhibit 6 includes proprietary information relating to Subaru's internal warranty reimbursement practices and the details related to its internal procedures for addressing customer complaints. It also discloses proprietary information related to Subaru's data storage and categorization processes, including the methods by which it tracks and evaluates warranty claims. There is no prior order sealing Exhibit 6 in the pending action and Plaintiffs have consented to the sealing request.

Exhibits 22.C, 30 and 31 of Subaru's Opposition are Field Report vehicle investigation presentations, which are marked "Confidential" as described and protected in the DCO. Such presentations enumerate Subaru's investigation procedures as it relates to an actual customer car investigation, and subsequent results of such investigations, which is proprietary business and technical information. Not only do such presentations detail Subaru's internal procedures for investigating a customer's complaint and for relaying such information throughout the company, but it includes the methods and evaluation processes for determining whether a customer has a valid claim or there is a defect in the vehicle by comparing the same to Subaru design specifications. There is no prior order sealing Exhibits 22.C and 30-31 in the pending action and both parties have consented to the sealing request.

Exhibits 35 and 36 are the confidential Declarations of Subaru's Research and Development, Inc.'s Executive Vice President, Kenichi Yamato and North America Subaru, Inc. ("NASI")'s Vice President, Hirofumi Senoo, respectively. Both declarations contain proprietary business information that outlines Subaru's internal procedures and decision-making processes for determining whether to investigate quality issues related

6


to Subaru vehicles. There is no prior order sealing Exhibits 35 and 36 in the pending action and Plaintiffs have consented to the sealing request.

## II.     Legal Standard

It is well-established there exists "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted).  Nonetheless, upon motion by a party "[t]his Court has the power to seal where confidential information may be disclosed to the public." *IQVIA Inc. v. Veeva Sys., Inc.*, No. 2:19-CV-15517-CCC-MF, 2020 WL 7081736, at *1 (D.N.J. Apr. 15, 2020). To overcome the presumption in favor of public access, a party filing a motion to seal must demonstrate that "good cause" exists for protection of the material at issue. *Securimetrics, Inc. v. Iridian Techs. Inc.*, C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). The existence of "good cause" turns on an examination of the factors set forth in Local Civil Rule 5.3 (c)(3). Local Civil Rule 5.3(c) governing motions to seal requires motions to include an index and supporting certification describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. *See* L. Civ. R. 5.3(c).

### III. <u>Discussion</u>

The Court has reviewed the materials subject to seal to decide this Motion and finds that the Motion sufficiently describes the nature of the materials it seeks to seal and redact.[3] Weighing the factors under Local Civil Rule 5.3(c), the Court finds that the parties have met their burden of demonstrating that the materials should be sealed and that, on balance, the factors as set forth above support sealing. Specifically, for the reasons set forth in the Certification of Neal Walters in Support of Subaru and Plaintiffs' Consolidated Motion to Seal Exhibits and Redactions related to Plaintiffs' Motion for Class Certification, Defendants' Opposition to Such Motion, and Plaintiffs' Reply (ECF No. 194-1), the Court is satisfied that "a particularized showing [has been made] that disclosure will cause a 'clearly defined and serious injury to the party seeking closure[,]'" and good cause exists for protection of the material at issue. *Securimetrics*, C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (citing *Pansy*, 23 F.3d at 786). The omission of the materials from the submissions made by the parties would significantly limit their ability to advocate for their positions. Given the nature of the parties' arguments and the relief sought, there is no less restrictive alternative available.

### IV. <u>Conclusion</u>

Good cause exists to place the materials proposed under permanent seal. Because the Exhibits proposed for seal been provided for the Court's review by way of hard

---

[3] The parties have filed an Index to the Motion to Seal in the form suggested by Appendix U of the Local Rules, which addresses those factors with the foregoing materials identified on the Index with reference to the supporting certification to justify their confidential nature. *See* ECF No. 85-1, Exhibit A; ECF No. 194-1, Exhibit A. The parties have also sent hard copies, so the Court may assess whether the proposed materials qualify for sealing under L. Civ. R. 5.3.

copies and the parties have not filed them on the docket, for purposes of clarity and completion of the docket the parties shall file these exhibits under seal in separate entries pursuant to this Order. The Clerk of Court shall then place such entries under permanent seal.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** this **26th** day of **September**, **2024** that the Motion [ECF No. 194 in *Amato*, 1:18-cv-16118; ECF No. 85 in *Aquino*, 1:22-cv-00990; 1:18-cv-16118] is **GRANTED**; and it is further

**ORDERED** that, for clarity and completion of the docket, the parties shall file under seal the contents omitted from the subject Exhibits in the forms identical to that produced in hard copies to the Court, and it is further

**ORDERED** that the Clerk of Court shall place the entries under permanent seal.

> s/ Joseph H. Rodriguez
> Hon. Joseph H. Rodriguez, U.S.D.J.