UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD AQUINO, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUBARU OF AMERICA, INC., *et al.*<br><br>Defendants. | Case No.: 1:22-cv-00990; 1:18-cv-16118<br><br>JHR-AMD<br><br>**OPINION & ORDER** |

This matter is before the Court upon Subaru of America, Inc.'s and Subaru Corporation's ("Subaru") and Plaintiffs' (Subaru and Plaintiffs, together, the "parties") motion to seal (i) Exhibit 16 filed under seal in support of Subaru's Motion for Summary Judgment ("Motion to Seal") against Plaintiffs, filed on April 1, 2024 as ECF No. 169;[1] (ii) certain redactions from Plaintiffs' Brief in Opposition to Defendants' Motion for Summary Judgment, filed on July 1, 2024 as ECF No. 183 ("Opposition");

---

[1] The above-captioned cases, *Amato v. Subaru of America, Inc.* (1:18-cv-16118) and *Aquino v. Subaru of America, Inc.* (1:22-cv-00990) have been consolidated. This Order addresses ECF No. 193 in *Amato* and ECF No. 86 in *Aquino*. Through this Motion, the parties jointly seek to permanently seal contents of docket entries ECF No. 169 and ECF No. 183 in *Amato* as well as ECF No. 66 in *Aquino*. Any reference to an ECF docket number refers to an entry on the docket in *Amato* unless otherwise specified.

1

(iii) Exhibit 4 filed under seal in support of Plaintiffs' Opposition; and, (iv) Exhibit 8 filed under seal in support of Plaintiffs' Opposition (the "Motion"). The Motion is brought pursuant to L. Civ. R. 5.3 and with the consent of all parties.

## I. Background

In connection with discovery in these matters, the parties entered into a Discovery Confidentiality Order ("DCO") so ordered and entered by the Honorable Karen M. Williams, U.S.M.J. on July 8, 2020 (ECF No. 40). The DCO provides that "1. Any party to this litigation . . . shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3" and "2. Any party to this litigation . . . shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party." ECF No. 40 at ¶¶ 1, 2.

The parties argue that the materials proposed for seal and the information derived therefrom are "Confidential" or for "Attorneys' Eyes Only" under the Discovery Confidentiality Order because the materials contain highly competitively sensitive

technical, marketing, sales and other business information, as well as other potentially confidential information received in confidence from Subaru's customers.

### A. Exhibit 16 to Subaru's Motion for Summary Judgment

On April 1, 2024, Subaru filed under temporary seal Exhibit 16 to its Motion for Summary Judgment.[2] Exhibit 16 contains proprietary information relating to its internal warranty reimbursement practices and the details related to Subaru's internal procedures for addressing customer complaints. *See* Walters Decl. ¶ 4 [ECF No. 192-1]. Exhibit 16 further contains proprietary information related to Subaru's data storage and categorization processes, including the methods by which it tracks and evaluates warranty claims. *Id*. The Exhibit 16 compilation includes descriptions of Subaru's proprietary databases and codes, how information is stored and categorized within Subaru's databases, and how Subaru handles its customers' complaints. Subaru included the contents of Exhibit 16 to support its position that "Subaru's own warranty data reflects that, as of May 2021, less than one percent of all Class Vehicles (hundreds of thousands of them) made a claim to Subaru for piston-related issues." ECF No. 183 at *22. There is no prior order sealing Exhibit 16 in the pending action and Plaintiffs have consented to the sealing request.

### B. Exhibit 4 to Plaintiffs' Opposition

On July 1, 2024, Plaintiffs filed under temporary seal Exhibit 4 in support of its redacted Opposition to Subaru's Motion for Summary Judgment. Exhibit 4 is a design

---

[2] The Court notes that the Exhibits proposed for seal have not been filed on the docket. Rather, hard copies were sent to Chambers and the corresponding motion to seal was filed.

3

specification for certain Class Vehicles, which includes nonpublic trade secrets describing design proposals and manufacturing specifications. It also includes copyrights of non-party vendors which were gained in confidence from third parties. The redactions from Plaintiffs' Brief in Opposition to Defendants' Motion for Summary Judgment relate directly to the information in, or otherwise quote, Exhibits 4. There is no prior order sealing Exhibit 4 in the pending action and the parties have consented to the sealing request.

### C. Exhibit 8 to Plaintiffs' Opposition

On July 1, 2024, Plaintiffs filed under temporary seal Exhibit 8 in support of its redacted Opposition to Subaru's Motion for Summary Judgment. Exhibit 8 is an email chain amongst Subaru employees, dated January 8, 2016, whereby such employees discuss non-public proprietary information describing design proposals and manufacturing specification decisions, as well details regarding Subaru's data storage, collection, and evaluation procedures related to its warranty claims. Exhibit 8 includes proprietary information relating to Subaru's internal warranty reimbursement practices and the details related to Subaru's internal procedures for addressing customer complaints. Additionally, it discloses Subaru's decision-making processes related to design specification changes. The redactions from Plaintiffs' Brief in Opposition to Defendants' Motion for Summary Judgment relate directly to the information in, or otherwise quote, Exhibits 8. There is no prior order sealing Exhibit 8 in the pending action and both parties have consented to the sealing request.

## II.    <u>Legal Standard</u>

It is well-established there exists "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). Nonetheless, upon motion by a party "[t]his Court has the power to seal where confidential information may be disclosed to the public." *IQVIA Inc. v. Veeva Sys., Inc.*, No. 2:19-CV-15517-CCC-MF, 2020 WL 7081736, at *1 (D.N.J. Apr. 15, 2020). To overcome the presumption in favor of public access, a party filing a motion to seal must demonstrate that "good cause" exists for protection of the material at issue. *Securimetrics, Inc. v. Iridian Techs. Inc.*, C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). The existence of "good cause" turns on an examination of the factors set forth in Local Civil Rule 5.3 (c)(3). Local Civil Rule 5.3(c) governing motions to seal requires motions to include an index and supporting certification describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. *See* L. Civ. R. 5.3(c).

### III. Discussion

The Court has reviewed the materials subject to seal to decide this Motion and finds that the Motion sufficiently describes the nature of the materials it seeks to seal and redact.[3] Weighing the factors under Local Civil Rule 5.3(c), the Court finds that the parties have met their burden of demonstrating that the materials should be sealed and that, on balance, the factors as set forth above support sealing. Specifically, for the reasons set forth in the Certification of Neal Walters in Support of Subaru and Plaintiffs' Consolidated Motion to Seal Exhibits and Redactions related to Subaru's Motion for Summary Judgment and Opposition and Reply to such Motion for Summary Judgment (ECF No. 193-1), the Court is satisfied that "a particularized showing [has been made] that disclosure will cause a 'clearly defined and serious injury to the party seeking closure[,]'" and good cause exists for protection of the material at issue. *Securimetrics*, C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (citing *Pansy*, 23 F.3d at 786). The omission of the materials from the submissions made by the parties would significantly limit their ability to advocate for their positions. Given the nature of the parties' arguments and the relief sought, there is no less restrictive alternative available.

### IV. Conclusion

Good cause exists to place the materials proposed under permanent seal. Because the Exhibits proposed for seal have been provided for the Court's review by way of hard

---

[3] The parties have filed an Index to the Motion to Seal in the form suggested by Appendix U of the Local Rules, which addresses those factors with the foregoing materials identified on the Index with reference to the supporting certification to justify their confidential nature. *See* ECF No. 86-1, Exhibit A; ECF No. 193-1, Exhibit A. The parties have also sent hard copies, so the Court may assess whether the proposed materials qualify for sealing under L. Civ. R. 5.3.

copies and the parties have not filed them on the docket, for purposes of clarity and completion of the docket the parties shall file these exhibits under seal in separate entries pursuant to this Order. The Clerk of Court shall then place such entries under permanent seal.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** this **26th** day of **September**, **2024** that the Motion [ECF No. 193 in *Amato*, 1:18-cv-16118; ECF No. 86 in *Aquino*, 1:22-cv-00990; 1:18-cv-16118] is **GRANTED**; and it is further

**ORDERED** that, for clarity and completion of the docket, the parties shall file under seal the contents omitted from Exhibit 16 to Subaru's Motion for Summary Judgment and Exhibits 4 and 8 to Plaintiffs' Opposition to Subaru's Motion for Summary Judgment in the forms identical to that produced in hard copies to the Court, and it is further

**ORDERED** that the Clerk of Court shall place the entries under permanent seal.

s/ Joseph H. Rodriguez  
Hon. Joseph H. Rodriguez, U.S.D.J.